UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES MCCAW, | ) |
| Movant, | ) |
| v. | ) No. 4:14-cv-1035-RWS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of two post-judgment motions filed by movant James McCaw: "Motion to the Court to Correct Illegal Unconstitutional Sentence Imposed in Violation of the Ex Post Facto Clause of the United States Constitution, Pursuant to Rule 60(b)(4) & (6)" (ECF No. 7) and "Motion Relating Back to the Original Issue Timely Filed in the 2255 Habeas" (ECF No. 8).

**Background**

Following a jury trial, movant was convicted of transporting stolen goods and vehicles in interstate commerce, and transferring without authorization Social Security numbers of others with the intent to commit, aid and abet unlawful activity. On April 3, 2003, the Court imposed an aggregate term of imprisonment of 262 months to be followed by three years of supervised release, and restitution. The judgment was affirmed on appeal. *United States v. McCaw,* No. 03-1972 (8th Cir. 2004).

On January 20, 2005, movant filed a motion to vacate pursuant to 28 U.S.C. § 2255, and on February 22, 2011, the motion was denied. *See McCaw v. United States,* No. 4:05-cv-114-

CEJ (E.D. Mo. Feb. 22, 2011). Movant appealed, but on June 23, 2011 the appeal was dismissed. Movant filed post-judgment motions pursuant to Rules 59(e) and 60(b), all of which were denied.

On June 2, 2014, movant initiated the instant action by filing another motion to vacate pursuant to 28 U.S.C. § 2255. On June 24, 2014, the Court dismissed the action without prejudice after determining the motion was an unauthorized successive habeas corpus application. On June 27, 2017 the United States Court of Appeals for the Eighth Circuit denied movant authorization to file a successive habeas corpus action in this Court. *McCaw v. U.S.,* No. 17-1016 (8th Cir. 2017).

**Discussion**

The Court first considers the motion movant filed pursuant to Rule 60(b). Therein, movant asks this Court "for an order Vacating the Void Judgment entered on April 3, 2003" because "extraordinary repugnant violations occurred." In support, he argues that his sentence was imposed in violation of the Ex Post Facto Clause of the United States Constitution. He also argues that he received ineffective assistance of counsel and that he is actually innocent. He concludes he has shown "exceptional circumstances" warranting relief, and he asks the Court to vacate judgment and resentence him.

A Rule 60(b) motion is a second or successive habeas corpus application that falls under the restrictive requirements of 28 U.S.C. § 2255 if it contains a "claim." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005), *Ward v. Norris,* 577 F.3d 925, 933 (8th Cir. 2009). "For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an asserted federal basis for relief from a [trial] court's judgment of conviction or as an attack on the federal

2

court's previous resolution of the claim on the merits." *Ward,* 577 F.3d at 933. Here, the instant motion contains claims, as movant asserts federal bases for relief from the trial court's judgment and the factual predicate of his claims concern the validity of that judgment. The Court therefore concludes that the instant motion is nothing more than a successive habeas application. Because movant has not obtained authorization from the Eighth Circuit Court of Appeals to maintain the motion, this Court must dismiss it for lack of jurisdiction. 28 U.S.C. § 2255(h).

Movant has also filed a motion titled "Motion Relating Back to the Original Issue Timely Filed in the 2255 Habeas." Therein, movant asks the Court to grant him relief "under the Relation Back Clause" because the trial court incorrectly imposed a sentencing enhancement. The motion will be denied. The claims in the instant motion cannot "relate back" to movant's original motion, as they are separately-filed claims filed years after the original motion was dismissed. *See Benge v. United States,* 17 F.3d 1286, 1288 (10th Cir. 1994) (citing *Pipkin v. United States Postal Service,* 951 F.3d 272 (10th Cir. 1991) (a separately filed claim, as opposed to an amendment or supplementary pleading, does not relate back to a previously filed claim)); *see also Taylor v. Norman,* 2013 WL 5228504 (E.D. Mo. Sept. 16, 2003) (citing cases) (when an original federal habeas petition has been dismissed, there is no pending petition to which a second petition can relate back to or amend).

As a final matter, the Court concludes that movant has failed to demonstrate that jurists of reason would find it debatable whether he is entitled to relief. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

court's previous resolution of the claim on the merits." *Ward,* 577 F.3d at 933. Here, the instant motion contains claims, as movant asserts federal bases for relief from the trial court's judgment and the factual predicate of his claims concern the validity of that judgment. The Court therefore concludes that the instant motion is nothing more than a successive habeas application. Because movant has not obtained authorization from the Eighth Circuit Court of Appeals to maintain the motion, this Court must dismiss it for lack of jurisdiction. 28 U.S.C. § 2255(h).

Movant has also filed a motion titled "Motion Relating Back to the Original Issue Timely Filed in the 2255 Habeas." Therein, movant asks the Court to grant him relief "under the Relation Back Clause" because the trial court incorrectly imposed a sentencing enhancement. The motion will be denied. The claims in the instant motion cannot "relate back" to movant's original motion, as they are separately-filed claims filed years after the original motion was dismissed. *See Benge v. United States,* 17 F.3d 1286, 1288 (10th Cir. 1994) (citing *Pipkin v. United States Postal Service,* 951 F.3d 272 (10th Cir. 1991) (a separately filed claim, as opposed to an amendment or supplementary pleading, does not relate back to a previously filed claim)); *see also Taylor v. Norman,* 2013 WL 5228504 (E.D. Mo. Sept. 16, 2003) (citing cases) (when an original federal habeas petition has been dismissed, there is no pending petition to which a second petition can relate back to or amend).

As a final matter, the Court concludes that movant has failed to demonstrate that jurists of reason would find it debatable whether he is entitled to relief. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that movant's "Motion to the Court to Correct Illegal Unconstitutional Sentence Imposed in Violation of the Ex Post Facto Clause of the United States Constitution, Pursuant to Rule 60(b)(4) & (6)" (ECF No. 7) is **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that movant's "Motion Relating Back to the Original Issue Timely Filed in the 2255 Habeas" (ECF No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 14th day of August, 2019.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE